IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Breyan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-1039-BHH |
| v. ) | |
| ) | |
| Columbia Care Center and ) | **ORDER** |
| Columbia Care Center Staff, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael Breyan's *pro se* ("Plaintiff") complaint against Defendants Columbia Care Center and Columbia Care Center Staff (collectively, "Defendants"). (ECF No. 1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 23, 2024, the Magistrate Judge issued an order notifying Plaintiff that his case was subject to summary dismissal for failure to state a claim upon which relief may be granted. (ECF No. 5.) The Magistrate Judge afforded Plaintiff the opportunity to file an amended pleading that cured the identified deficiencies and provided Plaintiff with a set of proposed service documents for each Defendant named in the amended pleading.

Although Plaintiff filed a set of proposed service documents for Defendants, he did not file an amended complaint but instead submitted a letter attempting to clarify his claims. (ECF Nos. 8, 9.) After reviewing the materials submitted by Plaintiff, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend because Plaintiff already had the opportunity to do so. (ECF No. 10.) Attached to the

Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On July 18, 2024, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 12.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the Magistrate Judge explained that Plaintiff failed to file an amended complaint as directed; thus, she recommended dismissal of this action for failure to prosecute and failure to comply with a Court order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Magistrate Judge further recommended dismissal of this action for failure to state a claim upon which relief may be granted pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. Specifically, the Magistrate Judge explained that Columbia Care Center is not a "person" amenable to suit under 42 U.S.C. § 1983; that

Columbia Care Center Staff is a vague, unidentified group of individuals that is not adequate to state a claim against a "person" under § 1983; and that Plaintiff's factual allegations (wherein he alleges he was entitled to a $1 billion contract) are plainly fantastical and frivolous. (ECF No. 10 at 5-8.)

In his one-page objections, Plaintiff objects to dismissal and asserts that he is entitled to relief because his rights to contact his friends and family were violated. (ECF No. 12.) Importantly, however, nowhere in his objections does Plaintiff explain how Defendants are "persons" amenable to suit under § 1983; nor does Plaintiff otherwise respond to the Magistrate Judge's findings and recommendations. After review, therefore, the Court finds Plaintiff's objections without merit, and the Court fully agrees with the Magistrate Judge that this action is subject to dismissal for failure to comply with a court order and for failure to state a claim upon which relief can be granted.

**Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 10); the Court overrules Plaintiff's objections (ECF No. 12), and the Court summarily dismisses this action without further leave to amend and without issuance and service of process.**

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

January 16, 2024
Charleston, South Carolina